[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
OPINION
The defendant, Charles Patrick Jones, was tried by jury in the Court of Common Pleas of Allen County and found guilty of the possession of crack cocaine, and from the judgment and sentence thereupon entered in the trial court, Jones has perfected an appeal to this court.
In epitomized form, but insofar as necessary to expose the nature of the alleged errors, the facts disclose that a sheriff's deputy stopped a vehicle being driven by William Martin, who was also known as Julio, and in the course of the stop, the officer discovered small amounts of crack cocaine and marijuana. Upon discovery of the drugs, Julio offered to implicate a drug dealer in Lima in exchange for leniency in his own case.
With the cooperation of Julio, and after considerable planning, the police set up a "controlled buy" of drugs, and on November 21, 1997, the informant, armed with $2,000.00 in marked bills and a monitoring device, made the undercover drug purchase.
In this court, the appellant has set forth two assignments of error, the first of which has been stated as follows:
 1. The conviction must be reversed because the evidence was insufficient to support the verdict; specifically, the State failed to prove beyond a reasonable doubt that the substance recovered from Julio was crack cocaine.
This alleged error is refuted by evidence which discloses a complete chain of custody from the scene of the "controlled buy" to the court room, and along the way, a forensic scientist from the Bureau of Criminal Identification and Investigation submitted a lab report showing that the substance recovered from Julio, which weighed 43.9 grams, was crack cocaine, thus verifying the field test of the substance by Officer Greg Roberts. (T. 149-154). Furthermore, the appellant has failed to suggest, and this court has been unable to find, any fatal departure by the State from the requirements of R.C. 2925.51. Hence, the lab report, without more, was prima-facie evidence of the content, identity, and weight of the substance recovered on November 21, 1997. See, R.C.2925.51(A). Moreover, the facts leading to the apprehension of Jones, a reputed drug dealer, and the involvement of a number of officers who had considerable experience with drug identification, lends further support to the finding of the jury that the "two large chunks" recovered from Julio were rock cocaine.
In support of the assigned error, the appellant relies upon the case of State v. Maupin (1975), 42 Ohio St.2d 473,330 N.E.2d 708, but that case has no more than peripheral application to the facts of the present case. Here, the substance was examined by an expert, and pursuant to statute, the lab analysis was admitted into evidence, whereas the only expert testifying as to the marijuana discovered in the Maupin case was an experienced police officer. And even in that case, the identification of the substance by the officer was admitted into evidence.
With particular reference to the first assignment of error, the record also discloses a procedural flaw. At the trial, the appellant objected to the admission of three tapes, but no objection was made to the admission of the substance purchased by Julio (Exhibit 6) or to the lab report (Exhibit 8) determining the content, identity, and weight of the substance. (T. 161). And it is fundamental, of course, that a specific objection should have been made in order to preserve the question of admissibility for review.
In the absence of any timely challenge, therefore, the evidence presented by the State was sufficient to sustain the verdict by the requisite degree of proof, and the first assignment of error is overruled.
The second assignment of error has been presented by the appellant as follows:
 2. The conviction must be reversed because the State relied on the testimony of an informant who was promised lenient treatment in exchange for his help in implicating someone else; thus, appellant's due process right to a fair trial was violated.
In this case, the informant, Julio, did receive a "deal" and was not prosecuted on a potential cocaine possession charge. However, the informant did not testify at the trial, even though his identity and address were provided to the defendant well before the trial began. And at the trial, the jury was made aware of the fact that Julio was offered and granted leniency for his assistance in the arrest and indictment of his supplier. In other words, this case did not involve a situation where leniency on criminal charges was granted a prosecution witness, but that fact was not disclosed to the defendant and to the jury.
In support of the assignment of error, the appellant also argues that the promising of leniency in exchange for testimony against someone else is tantamount to "bribery", and such practice undoubtedly does have many of the same characteristics as the offense of bribery. On the other hand, the appellee herein urges that the practice is a "necessary evil" in the criminal justice system. However, the parties are in general agreement that the practice is extant, and neither has submitted any authority either approving or disapproving of such prosecutorial conduct.
Nevertheless, it is significant in this case that neither the prosecution nor the defense presented the informant, Julio, as a witness at the trial, and that the jury was otherwise completely apprised of the deceptive role played by Julio in nailing the drug dealer. Hence, the second assignment of error is overruled.
Finding neither of the alleged errors to be well made, the judgment of the Court of Common Pleas of Allen County will be affirmed.
Judgment affirmed.
 BRYANT, P.J., and HADLEY, J., concur.
(KERNS, J., retired, of the Second Appellate Judicial District, sitting by assignment in the Third Appellate Judicial District.)